**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| DEBRA L. THORNBURG,<br><br>         PLAINTIFF,<br><br>vs.<br><br>CUSTOMER CARE MANAGEMENT, LLC,<br><br>         DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Debra L. Thornburg ("Plaintiff" or "Thornburg") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, Customer Care Management, LLC (hereinafter "Defendant" or "Customer Care"), alleges as follows:

## I.     INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.     JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## III.     PARTIES

3. Plaintiff, Debra L. Thornburg, is a natural person residing in West Des Moines, Iowa.

4. Defendant, Customer Care, is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Wells Fargo, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. On or about August 24, 2011, the Plaintiff received a voice message from a representative of the Defendant. The representative stated in part "This message is for Deb Thornburg. I need for you to call me at….. claim no. 650496." The representative failed to state the call was from a debt collector.

11. On or about August 29, 2011, the Plaintiff received a collection call from a female representative of the Defendant. The representative asked if she was speaking with Debra Thornburg and wanted to verify the Plaintiff's social security number. The Plaintiff verified the information with the representative. The representative then stated she was calling the Plaintiff with regard to a Wells Fargo debt the Plaintiff is liable for in the amount of approximately $4,700. The Plaintiff explained that she was never on the account and that it was solely her deceased ex-husband's account. She stated that she had disputed the account in the past with other collection agencies. The representative stated that yes the Plaintiff was on the account, that it was taken out in 2000, and asked the Plaintiff if she was going to take care of the debt or they would have to pursue action against her. The Plaintiff informed the representative that she would not be making payment, requested the Defendant cease contacting her and ended the phone call. The

representative failed to state the call was from a debt collector and any information obtained would be used for that purpose.

12. While the Plaintiff is not liable on the account, she is aware that her ex-husband had opened that specific account prior to their divorce in 1998. As such, the statement by the representative of the account being opened in 2000 is false.

13. The Plaintiff's ex-husband was involved in a car accident and died in 2007.

14. Since 2007, the Plaintiff has been contacted by multiple collection agencies and has disputed the debt with each agency.

15. At no time after the initial communication on August 29, 2011, did the Plaintiff ever receive notice that she had a right to dispute the debt and request verification of the debt.

16. The Defendant has continued to place collection calls to the Plaintiff on the following dates: 9/08/11; 9/11/2011.

17. On or about September 14, 2011, the Plaintiff answered a collection call placed by a representative of the Defendant named Mr. Riley. Mr. Riley stated that he was calling with regard to a delinquent account with Wells Fargo. The Plaintiff again stated that she never had an account with Wells Fargo and that she had already advised the Defendant of such and requested they cease contacting her. The representative asked if the Plaintiff had ever filed a fraud report with the police and the Plaintiff responded that it was not necessary since she never had the account. Mr. Riley responded that he would take the Plaintiff's comments as a refusal to pay and they would proceed with action against the Plaintiff.

18. The Plaintiff has continued to receive collection calls from the Defendant.

19. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: frustration, anger, stress, nervousness, loss of sleep and anxiety.

V.   **FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

20. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17.

21. Customer Care and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

    b. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communication or communications subsequent to the initial communication that the communication is from a debt collector and that any information obtained would be used for that purpose.

    c. The Defendant violated 15 U.S.C. § 1692e(2)(a) by misrepresenting the character, amount, or legal status of the debt.

    d. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    e. The Defendant violated 15 U.S.C. § 1692f(1) through the use of unfair or unconscionable means to collect or attempt to collect a debt and the collection of any amount unless such amount is expressly authorized by the agreement creating the debt.

    f. The Defendant violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor.

22. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

23. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

24. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.     SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

25. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 22.

26. Customer Care and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692e(5); 1692e(11); 1692e(2)(A); 1692e(10); 1692f(1); and 1692g(b).

    b. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communication or communications subsequent to the initial communication that the communication is from a debt collector and that any information obtained would be used for that purpose.

    c. The Defendant violated Iowa Code § 537.7103(4)(e) through a false misrepresentation, or representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

27. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

28. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

29. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

                                        Respectfully submitted,

                                           /s/ L. Ashley Zubal  
                                        L. Ashley Zubal IS9998256  
                                        Marks Law Firm, P.C.  
                                        4225 University Avenue  
                                        Des Moines, IA 50311  
                                        (515) 276-7211  
                                        (515) 276-6280  
                                        ATTORNEY FOR PLAINTIFF